McFarland, J.,
delivered tbe opinion of tbe court:
This was am action by am indorser against a prior indorser of a negotiable promissory note. Tbe summons and decla-lation are substantially in tbe form prescribed by tbe Code for civil actions. Tbe pleas were nil debet and payment, upon wbicb there were issues. Tbe circuit- court tried tbe cause without a jury, and gave judgment for tbe plaintiff, including protest fees. Tbe defendant moved for a new trial, wbicb was refused, took a bill of exceptions, and has appealed in error. Tbe bill of exceptions shows that the only evidence introduced was tbe note -with its in-dorsements. Tbe error assigned is that there was no evidence of-demand and notice of nonpayment.
This was, beyond doubt, essential to tbe plaintiff's case, if properly in issue by tbe pleadings.
By tbe Code, tbe defendant was required to plead bis defenses specially, or to enter a general denial of the plantiffs cause of 'action, whether such plea would have been good under tbe law- as it previously stood or not, in wbicb case be was required to give notice of bis real defense. Code, 2918, 2914, 2915 [Shannon’s Code, secs. 4634--4636]. But by tbe act of 1859--60' [eh. 33], tbe defendant was given bis option to plead, as provided in these sections, or in accordance with .the law as it previously existed. T. & S. Code, 3917a [Shannon’s Code, sec. 4638]. Tliis statute relates especially to pleas of tbe defendant, and not to tbe pleading generally, as appears by tbe reference to tbe section of the Code, and gives to tbe defendant bis election -as to tbe.form of bis'plea, without regard to tbe form of tbe action or -declaration. The declaration being in accordance with the Code, tbe defendant was a.t liberty to plead in accordance with tbe Coda, or tbe previous law. That- is, as we take it, be could file any plea in the common law form which would have been appropriate to an action or declaration in the common law form upon tbe same cause of action. This being an action *75 by an indorser against an indorser, an action of debt did not lie according to tbe law as it previously stood. Frierson & Hughes v. Reeves, 7 Hum., 359; Jones v. Lowe, 4 Hum., 334; and McGuire v. Blanton, 5 Hum., 361. It follows, therefore; that nil debet was mot appropriate plea, and the only appropriate plea filed was payment, under which the onus was upon the defendant. There was, however, no demurrer or motion to strike out the plea of nil deibet, but issue was taken upon it, anid the parties seem to have treated it as a plea putting in issue the plaintiff’s cause of action and equivalent to the appropriate general issue, and we are therefore constrained to reverse the judgment. Reverse.